| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

City of Sterling Heights §
Police & Fire Retirement System, §
§
   Plaintiff, §
§
versus §   Civil Action H-11-2537
§
Owen Kratz, et al., §
§
   Defendants. §

## Opinion on Dismissal

1.  *Introduction.*

A stockholder has sued the company's board, executives, and consultant to recover executive compensation that it believes is excessive compared to the company's performance. The defendants say that the shareholder did not send a demand for an adjustment and has no facts that support its claims. The defendants will prevail.

2.  *Background.*

The compensation paid by Helix Energy Solutions Group, Inc., to its executives has three components: (a) base salary, (b) annual bonus, and (c) long-term bonus of cash and stock.

In December, the compensation committee sets targets for the executives to earn the next year's annual bonus. Each February, the committee reviews the last year and decides whether to award the bonus. In March, it awards them.

In December of 2009, the committee set the targets for the annual bonus for 2010. In March of 2011, it reviewed the executives' work and reduced their bonuses.

| Executive | 2010 Target Bonus | Actual Bonus | Reduction |
|---|---|---|---|
| Owen Kratz | $1,400,000 | $295,000 | – $1,105,000 |
| Anthony Tripodo | $600,000 | $438,000 | – $162,000 |
| Johnny Edwards | $332,500 | $300,000 | – $32,500 |
| Alisa Johnson | $375,000 | $273,750 | – $101,250 |

In December of 2009, the compensation committee also set the value of a long-term bonus for 2010, leaving the total unchanged from 2009 but changing the components to 40% in stock and 60% in cash. The value of the stock was based on the closing price of Helix's stock at the end of 2009. Starting in 2010, the cash was to be paid over five years. One-fifth of the stock vested each year for five years.

| Executive | 2010 Stock | 2009 Stock | Increase in Stock |
|---|---|---|---|
| Owen Kratz | $1,186,891 | $523,372 | $663,519 |
| Anthony Tripodo | $514,262 | $226,793 | $287,469 |
| Alisa Johnson | $415,363 | $165,738 | $249,625 |
| Bart Heijermans | $593,446 | $348,917 | $244,529 |

| Executive | 2010 Cash | 2009 Cash | Decrease in Cash |
|---|---|---|---|
| Owen Kratz | $1,813,100 | $2,476,628 | – $663,528 |
| Anthony Tripodo | $785,739 | $1,073,207 | – $287,468 |
| Alisa Johnson | $643,640 | $784,262 | – $140,622 |
| Bart Heijermans | $906,549 | $1,651,083 | – $744,534 |

The change meant that while Johnson's long-term bonus in 2010 increased $109,000, the other executives' long-term bonuses stayed the same or decreased.

When the committee approved pay for 2010, it kept the executive officers' pay the same, except for Anthony Tripodo, whose pay increased to $400,000. In December of 2010, the committee increased Alisa Johnson and Lloyd Hajdik's base salaries because their responsibilities had changed.

In 2010, Helix's gross profit had decreased by over $200 million. In April of 2011, Helix solicited its proxies. Because of the Dodd-Frank Act, an advisory referendum on executive pay was included. The board recommended that shareholders approve the 2010 compensation, including the long-term incentive payments it had set in December of 2009.

In May of 2011, over 60% of the voting shareholders said they disagreed with the 2010 pay. In June of 2011, the City of Sterling Heights Police & Retirement System sued the board of Helix and its executives for breach of fiduciary duty and unjust enrichment. It also sued Meridian Compensation Partners, LLC – Helix's consultant – for "aiding and abetting breaches of fiduciary duties." Sterling did not notify the board in writing that it insisted that it change the wages.

3. *Demand.*

Sterling says that it did not have to ask the company before suing.[1] According to Sterling, it would have been futile because the board did not exercise business judgment – abused its discretion – when it approved the pay. Sterling also says that one of the directors was interested in the transaction, since he was paid as an officer of the company.

One interested director does not excuse demand. The eight other directors did not benefit from the compensation. Helix is a Minnesota corporation – a jurisdiction where demand is excused rarely. It is mandatory absent a showing that the board's action is irrational, aberrant to the degree that it could not have possibly been motivated by an honest desire to improve the company.[2] This allows companies to consider the merits of the dispute

---

[1] Fed. R. Civ. P. 23.1; Minn. R. Civ. P. 23.09.

[2] *Reimel v. MacFarlane*, 9 F. Supp. 2d 1062, 1065–1067 (D. Minn. 1998); *Winter v. Farmers Educ. & Coop. Union of America*, 107 N.W.2d 226, 230–234 (Minn. 1961); *Pencille v. State Farmers' Mut. Hail Ins. Co. of Waseca*, 76 N.W. 1026, 1027 (Minn. 1898); *Rothwell v. Robinson*, 38 N.W. 772, 773, (Minn. 1888).

and to determine the best course forward without the expense and delay of litigation.[3]

Sterling has not shown conduct by the Helix board stark enough to justify excusing a demand. All but one director were disinterested. They did not act dishonestly; they reduced some salaries in response to a decline in profits. Sterling's case rests on a quibble about how much of a reduction was warranted. In the same vote that it says proves a breach of fiduciary duty, the voters re-elected the two directors on the ballot who had approved the pay. It is not excused from sending a demand letter.

4. *Breach.*

Sterling offers nothing to show a breach of fiduciary duty. The negative vote on compensation was an opinion poll – a non-binding referendum that did not change the facts that justify the compensation, the directors' fiduciary duties, or the character of their actions.[4]

Those same voters re-elected the two incumbent directors who were on the ballot to continue managing the corporation.[5] Its claims of breach will be dismissed.

Contrary to the petitioner's assumption, neither at law or in economics does a correlation between executive compensation and profits necessarily exist. Profits are a factor in the judgment of setting salaries, not a term in an equation. By Sterling Heights's reasoning, executives at Amazon should have worked for the minimum wage from 1994 to 2001 when it first recorded a profit. Salaries are the way companies buy talent; they do not determine whether a strategy or the times will reward the investment and effort.

5. *Aiding.*

Sterling has sued Meridian Compensation Partners, LLC, for aiding the breach. Without facts to support the substantive claims, its claim for aiding will be dismissed.

---

[3] *Reimel*, 9 F. Supp. at 1065–1067; *Wessin v. Archives Corp.*, 592 N.W.2d 460, 466–467 (Minn. 1999); *Winter*, 107 N.W. at 230–234; *In re United Health Group Inc. Derivative Litig.*, No. 27-CV-06-8085, 2007 Minn. Dist. LEXIS 40, at *13 (Minn. Dist. Ct. February 6, 2007).

[4] 15 U.S.C. § 78n-1(c) (2012).

[5] Minn. Stat. § 302A.201 (2012).

Even if it had facts supporting its claims for breach, Sterling has no facts to show how Meridian's help caused a harm. Meridian was not hired as a consultant until October of 2010, more than nine months after approval of the pay. Sterling cannot show that Meridian knew that the board would breach its fiduciary duties.[6]

Suggesting courses of action to a board does not make the advisor the guarantor of the board's decisions or the directors' faithfulness to their responsibilities. With gratuitous malice, Sterling has accused the consultant of an ungainly cluster of legal theories with factual support for none. Its claims will be dismissed.

6. *Enrichment.*

Sterling sued the officers of the company for unjust enrichment. Because the company and the executives have contracts, Sterling cannot recover.[7]

7. *Conclusion.*

The City of Sterling Heights Police & Retirement System did not demand redress from Helix Energy Solutions Group, Inc., and offered nothing to justify its omission. Sterling has to show a breach of the duty of loyalty. All it has is an advisory referendum that does not support its claim. It also sued a compensation consultant that was not hired until after the board approved the bonuses. Its claims will be dismissed.

With an unprincipled and unsupported claim, Sterling has attempted to recover money from the friction of litigation – a strike suit.[8]

Signed on August 20, 2014, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[6] *Witzman v. Lehrman, Lehrman & Flom*, 601 N.W.2d 179, 186 (Minn. 1999); *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 514 (Tex. 1942).

[7] *Cady v. Bush*, 166 N.W.2d 358, 362 (Minn. 1969).

[8] Bryan A. Garner, A Dictionary of Modern Legal Usage 837 (2nd ed. 1995).